IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11014
Summary Calendar
_____


DARRIS D. TEEL,

                                        Plaintiff-Appellant,

versus

KEVIN GARRARD, Lieutenant of Security, Montford Unit; JOE
FERNALD, Head Warden, Montford Unit; MICHAEL ALSOBROOK,
Sergeant of Security, Montford Unit; ROBERT JACKSON,
Correctional Officer III Transport, Montford Unit; REYNA
RODRIGUEZ, Correctional Officer III, Montford Unit; UNKNOWN
OFFICER, Correctional Officer III, Montford Unit; UNKNOWN
OFFICERS, Defendants 7-10, Correctional Officers, Montford
Unit; GAYLA BUXKEMPER, RN, BSN, Charge Nurse, Montford Unit;
DANEIL MOORE, Unit Grievance Coordinator, Montford Unit,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-168
--------------------
March 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Darris D. Teel, Texas prisoner #656908, appeals from the
dismissal of his civil rights action as frivolous.  Teel contends
that the magistrate judge failed to give him the benefit of
liberal construction of his pleadings and erroneously dismissed
his complaint for failure to state a claim; that the magistrate

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judge effectively amended his complaint by mischaracterizing some of his allegations; that the magistrate judge failed to consider whether the use-of-force videotape in his case was altered; that prison employees used excessive force against him; that prison employees were deliberately indifferent to his serious medical needs; that prison employees retaliated against him; and that the magistrate judge exhibited prejudice against him.

Teel's contentions that the magistrate judge erred by failing to give him the benefit of liberal construction and by dismissing his complaint for failure to state a claim are without merit. Teel does not indicate how the magistrate judge failed to construe his pleadings liberally, and his complaint was dismissed as frivolous, not for failure to state a claim.

Teel argues no law relevant to the amendment of pleadings. He has not argued any legal argument for appeal regarding any effective amendment of his complaint. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). If his brief is construed liberally, *see Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988), Teel contends that the magistrate judge erroneously characterized the allegations in his pleadings. We have reviewed Teel's contention regarding mischaracterization of his pleadings in light of the record, and we find no mischaracterizations by the magistrate judge.

Teel suggests that use-of-force videotapes generally should be reviewed critically to determine whether they have been altered. However, he does not actually allege that there were any alterations in the videotape at issue in his case. He has

not alleged facts giving rise to any appellate contention regarding the reliability of the videotape. *Brinkmann*, 813 F.2d at 748.

Teel's own testimony at the hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), seriously undermined his excessive-force claim. Teel's testimony that he would not have rebelled against the officers had they loaded his legal materials onto the prison bus before he boarded and that there would have been no need for a use of force had his legal materials been loaded first indicated that prison employees were justified in using at least whatever force was necessary to life him and place him on the bus. The magistrate judge's summary of the videotape indicated that the force used against Teel was constitutionally acceptable. *See Hudson v. McMillian*, 503 U.S. 1, 7, (1992).

Teel's testimony at the *Spears* hearing that no force would have been necessary had his legal materials been loaded first indicated that his medical restrictions were irrelevant to whether he boarded the bus. His contentions regarding deliberate indifference to his medical restrictions therefore properly were dismissed as frivolous.

It is not clear from the record that a prison nurse adequately examined Teel's knee. However, the nurse did examine Teel generally on the bus. Teel's allegations and the evidence in the record indicated that the nurse may have been negligent by not finding that Teel's knee was out of place. However, any such negligence did not give rise to a cognizable constitutional injury. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Teel contends that he was retaliated against for exercising his right against use of excessive force.  He argues that one defendant retaliated against him for filing a suit against that defendant's wife.  He argues that another defendant wrote a false disciplinary report against him for filing his federal lawsuit.

As is discussed above, the magistrate judge did not abuse her discretion by dismissing the excessive-force claim as frivolous.  Teel therefore cannot make out any retaliation claim based on the use of force against him.

Regarding one defendant, Teel alleges in his appellate brief only that the defendant told him that he would not help Teel with his legal materials so that Teel could sue him like he sued the defendant's wife.  Teel's allegation regarding that defendant does not give rise to any inference of retaliation.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)

Teel makes no allegations on appeal giving rise to any inference of retaliation by another defendant.  Teel has not argued any retaliation issue for appeal regarding that defendant. *Brinkmann*, 813 F.2d at 748.

Teel relies solely on the magistrate judge's findings of fact and conclusions of law for his argument that the magistrate judge was prejudiced against him.  Adverse rulings alone do not call into question a judge's impartiality.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Teel's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal therefore is dismissed as frivolous.  5TH CIR. R. 42.2.  We found,

on February 13, 2001, that Teel had attained his third "strike" for purposes of 28 U.S.C. § 1915(g) and informed Teel that "he may not proceed [in forma pauperis] in the district court or in this court in any civil actions while he remains in prison unless he is in imminent danger of serious physical injury."  *Teel v. Burrescia*, No. 00-11057 (5th Cir. Feb. 13, 2001)(unpublished). We remind Teel of the § 1915(g) bar.

APPEAL DISMISSED.  5TH CIR. R. 42.2.