United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 05-20189
Summary Calendar

---

NORMAN E. CARRIO,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; TEXAS BOARD OF
PARDON & PAROLE; R. THALER; W. JENNINGS;
S. HUBBARD; TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
GUARD BURROWS; BYRD; C. POPP; E. ROBBINS,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-1505)

---

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Norman E. Carrio, Texas prisoner # 355695, was convicted of murder in 1983 and sentenced to 60 years imprisonment. He appeals, *pro se*, the 28 U.S.C. § 1915A dismissal, as frivolous, of his 42 U.S.C. § 1983 action. Even under *pro se* standards, his brief is essentially undecipherable. He claims: the confiscation of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

legal materials as a result of his exceeding the amount of personal property permitted under the prison storage policy violated his right of access to the courts and was undertaken in retaliation for his having testified against an officer in 1995; the confiscation of his religious property violated his First Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000, 28 U.S.C. § 2000cc, (RLUIPA); and has been wrongfully denied parole and work-time credits. The district court's dismissal, as frivolous, is reviewed for abuse of discretion. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999).

Carrio does not renew his claim that the confiscations resulting from the change in prison property-storage procedures violated his due-process rights; therefore, it is waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). If Carrio is raising an ex post facto claim concerning the change in Parole Board voting procedures after he began serving his sentence, he fails to adequately brief it, even under the liberal standards applied to *pro se* briefs. *E.g., Price v. Digital Equipment Corp.,* 846 F.2d 1026, 1028 (5th Cir. 1988) ("Although we liberally construe the briefs of pro se appellants ... we also require that arguments must be briefed to be preserved.") Therefore, it is waived. *Id*.

Construing his brief liberally, Carrio maintains, for the first time on appeal: his legal materials were confiscated in

retaliation for his having provided other inmates with legal assistance; and the confiscation of his religious materials violated his equal-protection rights because he was discriminated against as a Catholic, when Muslim and Jewish inmates are provided more allowances for their faith. These new claims will not be considered. *See* ***id.*** at 225 ("[T]his Court does not review issues raised for the first time on appeal".).

Carrio's denial-of-access claim lacks merit because he has *not* shown how his position as a litigant has been prejudiced as a result of the confiscations. *See* ***McDonald v. Steward***, 132 F.3d 225, 230-31 (5th Cir. 1998). His retaliation claim similarly lacks merit because he has not presented any direct evidence of retaliatory motivation, nor has he alleged a chronology of events from which retaliatory may be plausibly inferred. *See* ***Woods v. Smith***, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). The claim is based on no more than his subjective beliefs and, therefore was properly dismissed. *See* ***Johnson v. Rodriguez***, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997).

Carrio's claimed denial of his First Amendment right to free exercise of his religion when prison officials enforced a new prison storage policy was also properly dismissed because the storage policy is reasonably related to legitimate penological interests. *See* ***Turner v. Safley***, 482 U.S. 78, 89 (1987); *see also* ***Yohey***, 985 F.2d at 224-25. The RLUIPA claim is likewise without

merit because Carrio has not demonstrated that the storage policy has substantially burdened his religious exercise. 42 U.S.C. § 2000cc-1; *see* **Adkins v. Kaspar**, 393 F.3d 559, 570-71 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 2549 (2005).

Because Carrio, as a Texas prisoner, has no liberty interest in parole, his claim that he has been wrongfully denied parole is not cognizable. **Orellana v. Kyle**, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Carrio has not provided authority for the proposition that the Constitution guarantees credit for time worked in prison. Thus, his claim that he is being denied work-time credits is also without merit. *See* **Johnson v. Dallas Indep. Sch. Dist.**, 38 F.3d 198, 200 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995).

The motions for oral argument and to advance on the docket are DENIED.

***AFFIRMED; MOTIONS DENIED***