# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2011

No. 09-60547
Summary Calendar

Lyle W. Cayce
Clerk

DERRICK HARRIS,

Plaintiff - Appellant

v.

STEPHEN R. WALLEY; WAYNE COUNTY BOARD OF SUPERVISORS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:06-CV-49

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick Harris, Mississippi prisoner # M2810, proceeding *pro se*, contests the summary judgment against his action pursuant to 42 U.S.C. § 1983. Harris contends: he received inadequate medical care when defendants delayed surgery to remove several of his teeth; and, as a result, his constitutional rights were violated.

Although Harris maintains defendants violated his constitutional rights by being deliberately indifferent to his constant pain and need for surgery, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not explain how the district court erred in granting summary judgment. Generally, failing to do so is the same as not appealing the judgment. *See, e.g.*, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Defendants, however, have addressed the merits. Accordingly, because they were not hampered or misled by Harris' inadequate brief, we will consider the claims. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027-28 (5th Cir. 1988).

In that regard, a summary judgment is reviewed *de novo*, employing the same standard as the district court under Federal Rule of Civil Procedure 56. *E.g.*, *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a).

Harris' contentions regarding claimed violations of the Eighth Amendment, due to deliberate indifference, are unsupported by the record. There is no genuine dispute regarding defendants' making regular efforts to treat and monitor Harris' dental problems. He was examined and/or treated by a dentist on seven occasions from 25 June 2002, soon after he first complained of dental problems, until his surgery on 2 July 2003. Furthermore, there is no genuine dispute that Harris did not suffer any permanent injuries due to his medical care. Therefore, Harris has failed to establish a genuine dispute of material fact regarding the basis for deliberate indifference—that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation and internal quotation marks omitted).

Harris' claims regarding the delay in his receiving surgery are likewise unavailing in the light of there being no genuine dispute of material fact

regarding his not suffering permanent injury. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (delay in medical care violates Eighth Amendment only if deliberate indifference results in substantial harm).

Finally, Harris' claim that defendants were driven by "evil motives" and an intent to cause suffering is presented for the first time on appeal; therefore, we will not consider it. *E.g.*, *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

AFFIRMED.