Joe Nathan PRICE, Plaintiff–Appellant,

v.

DIGITAL EQUIPMENT CORPORA-
TION, Defendant–Appellee.

No. 87–6242

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 15, 1988.

Joe Nathan Price, pro se.

Douglas E. Hamel, Houston, Tex., Steven F. Biskup, Colorado Springs, Colo., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS, and DAVIS, Circuit Judges.

PER CURIAM:

Pro se appellant Joe Nathan Price appeals from an adverse summary judgment rendered against him dismissing his employment discrimination suit on grounds that it is time barred. We vacate and remand for further proceedings.

Price was employed as a computer software specialist by Digital Equipment Corporation (DEC) from January 1982 until October 1985. In April 1984, Price sued DEC alleging that he was the victim of racial discrimination in the workplace. Defendant in that lawsuit did not receive service of process, and the suit was dismissed for failure of service.

On October 3, 1985, DEC fired Price. Price immediately lodged an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC), alleging that his discharge was racially motivated and violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On December 3, 1985, Price received from the EEOC a right-to-sue letter. On February 4, 1986, Price filed a Title VII action against DEC in federal court. In November 1986, the district court dismissed Price's suit without prejudice for failure to prosecute.

In July 1987, Price refiled substantially the same lawsuit that was dismissed in 1986, except that he included a claim under 42 U.S.C. § 1981. After a hearing, the district court granted DEC's motion for summary judgment on grounds that both Price's Title VII suit and his § 1981 suit are time barred. The district court ruled that Price's Title VII suit is time barred because it was not filed within ninety days of Price's receipt of a right-to-sue letter from the EEOC. The court ruled that the Texas two-year statute of limitations for personal injury actions barred Price's § 1981 suit because Price knew as early as April 1984 of the facts giving rise to his complaint. Price appeals both dismissals.

■ We agree with the district court that Price's Title VII suit is time barred. A private civil action under Title VII must be brought within ninety days of a complainant's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f); *see also Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir.1985). Price's original Title VII claim was timely, but was dismissed without prejudice for want of prosecution. That lawsuit did not toll the ninety-day period for the Title VII claim. See *Taylor*, 775 F.2d at 619.

The district court ruled that Price's § 1981 claim is time barred because Price knew of the facts giving rise to the complaint in April 1984, more than two years before his July 1987 lawsuit. On appeal, Price asserts in summary fashion that the district court erred in dismissing his lawsuit as time barred.

■ Appellee urges at the outset that appellant's brief waived the limitations issue because it lacks an argument as re-

quired by Rule 28(a)(4), Fed.R.App.P. The only reference appellant makes to the district court's dismissal of his lawsuit as time barred is to assert that "this action is not time barred." This fleeting reference points to the claimed error, but gives no analysis or authorities to support the assertion. Although we liberally construe the briefs of pro se appellants, *Abdul–Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 n. 1 (5th Cir.1983), we also require that arguments must be briefed to be preserved. *In re Texas Mortgage S., Inc.*, 761 F.2d 1068, 1073–74 (5th Cir.1985). If appellee had suggested any prejudice that resulted from appellant's inadequate brief, we would probably consider the limitations issue waived. But we are unable to perceive any prejudice to appellee from appellant's deficient brief. The sole issue in this case is whether the district court correctly dismissed appellant's lawsuit as time barred. No disputed facts cloud the resolution of this legal issue and appellee has fully addressed the issue. All that remains is to apply well-settled law to the facts. Under these unique circumstances, we decline appellee's invitation to hold that appellant's brief waived the limitations issue. *Cf. FSLIC v. Haralson*, 813 F.2d 370, 373 n. 3 (11th Cir.1987) (refusing to apply waiver because appellee not misled or hampered in its ability to respond).

■ Price's complaint included allegations that he was discharged on account of his race in October 1985. Because Price's discharge occurred less than two years before he filed this lawsuit, at least the part of the lawsuit complaining of discriminatory discharge was timely filed. *See Bernard v. Gulf Oil Co.*, 596 F.2d 1249 (5th Cir.), *reh'g granted*, 604 F.2d 449 (5th Cir. 1979), *aff'd in part and rev. on other grounds*, 619 F.2d 459, 463 (5th Cir.1980), *aff'd*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed. 2d 693 (1981). We therefore remand this case to the district court for further proceedings.

■ Defendant offers two additional bases on which to sustain the summary judgment; neither has merit. Defendant first argues that we should borrow the one-year statute of limitations from the Texas Commission on Human Rights Act, Tex.Civ.Code § 5221k (1988). Defendant acknowledges that this circuit has consistently applied the Texas limitations period for personal injury torts to § 1981 cases. Defendant contends, however, that the recently enacted Human Rights Act, which prohibits employment discrimination, now provides a more analogous Texas cause of action for employment discrimination suits filed under § 1981 suits.

In *Goodman v. Lukens Steel Co.*, —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), plaintiffs argued that because § 1981 deals primarily with economic rights, especially contractual rights, a six-year limitations period governing suits for interference with contractual rights was the most analogous state limitations period and should be borrowed to govern their § 1981 suit. The Supreme Court rejected plaintiffs' argument and held that a single state statute of limitations should govern *all* § 1981 claims and that the limitations period for personal injury torts is the most appropriate state statute of limitations. In reaching this conclusion, the Supreme Court held that the rule of *Wilson v. Garcia*, 471 U.S. 261, 266–68, 105 S.Ct. 1938, 1941–43, 85 L.Ed.2d 254 (1985)—that the most analogous state statute of limitations for § 1983 lawsuits is the statute for personal injury tort actions—is also applicable to § 1981 lawsuits. *Goodman*, —— U.S. at ——, 107 S.Ct. at 2621, 96 L.Ed.2d at 582.

Since the *Wilson* decision, we have applied the Texas two-year limitations period to § 1983 suits tried in Texas. *See Peter Henderson Oil v. City of Port Arthur, Texas*, 806 F.2d 1273, 1274–75 (5th Cir. 1987); *Longoria v. City of Bay City, Texas*, 779 F.2d 1136, 1137–38 (5th Cir.1986). *Goodman* requires that we do the same for this § 1981 action.

Defendant also argues that summary judgment in this case is proper because Price's complaint states only conclusory allegations and he has produced no evidence that would justify granting him a trial. The district court declined to consider whether Price stated a claim and ruled only

on the limitations issue. Defendant's argument is better addressed to the district court.

For the reasons given above, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.