# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

Nos. 95-20663, 96-20103 & 96-20486
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALVIS ALLEN BELL,

Defendant-Appellant.

---

Appeals from the United States District Court
For the Southern District of Texas
(CR-H-94-295-1)

---

November 25, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alvis Allen Bell was convicted of two counts of aggravated bank robbery, 18 U.S.C. § 2113 (a) and (d), and two counts of using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). The district court sentenced Bell to 510 months imprisonment. Bell

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals.[2]  Bell challenges the sufficiency of the evidence to support his convictions,[3] argues that he was given ineffective assistance of counsel, and asserts that the district court abused its discretion. We affirm the district court's decision.

First, Bell argues that there was insufficient evidence for a jury to find him guilty of aggravated bank robbery beyond a reasonable doubt because there was no evidence that the two banks he allegedly robbed were insured by the Federal Deposit Insurance Corporation (FDIC).[4]  To prove that this defendant violated 18 U.S.C. § 2113, the prosecution must show that the federal government insured the bank that was robbed.[5]  This requirement is both jurisdictional and a substantive element of the crime.  The prosecution met its burden on both counts of aggravated bank robbery in this case.  The prosecution introduced as exhibit 32 a copy of the FDIC insurance certificate issued to Federal Guaranty Bank.  The custodian of records authenticated this copy.  The prosecution also introduced as exhibit 44 a copy of the FDIC certificate issued to Bank United.  The parties stipulated as to the admissibility of this copy.  This is sufficient evidence that the banks were FDIC insured.

Next, Bell argues that the prosecution produced insufficient evidence for a jury to find beyond

---

[2]    Bell filed numerous notices of appeal throughout the district court's proceedings.  In No. 95-20663, Bell challenges the district court's denial of his motion to suppress identification evidence. In No. 96-20103, Bell appeals from the district court's denial of his motion for a new trial.  In No. 96-20486, Bell appeals his conviction and sentence.  These three appeals have been consolidated in the present action.  In addition to these three, Bell also filed for a writ of mandamus, No. 96-00037 (denied April 2, 1996) and he appealed the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence, No.97-20058.  This Court denied Bell's request to consolidate No. 97-20058 into the present appeal on June 26, 1997.

[3]    When reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the jury's verdict, and we must affirm the district court's decision if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Ivey*, 949 F.2d 759, 766 (5th Cir. 1991).

[4]    To make its case that a defendant committed bank robbery, the government must prove (1) an individual (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank, credit union, or savings and loan association. *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994).

[5]    *United States v. Slovacek*, 867 F.2d 842, 845 (5th Cir. 1989).

2

a reasonable doubt that Bell knowingly used or carried a firearm during and in relation to a crime of violence.[6] Several witnesses from both bank robberies testified that Bell displayed a firearm during each robbery and threatened customers and tellers with it. This evidence is sufficient to support Bell's convictions.

Next, Bell argues that he received ineffective assistance of counsel at numerous stages before and during his trial. As a general rule, we will not consider a Sixth Amendment ineffective assistance of counsel claim on direct appeal when it was not raised in the district court.[7] We will consider this argument on direct appeal only in the rare case in which the record is adequately developed so that the merits of the claim may be fairly considered.[8] This is not one of those rare cases. The factual basis of Bell's ineffective assistance of counsel claim has not been fully developed in the record.[9] We do not consider this claim on direct appeal.

Finally, Bell lists numerous instances in which he maintains that the district court abused its discretion. Although we construe *pro se* briefs liberally, we require the appellant to brief the issues raised on appeal.[10] Bell has merely listed his complaints.[11] These issues are inadequately briefed, and are abandoned upon appeal.

The judgment of the district court is AFFIRMED.

---

[6]    18 U.S.C. § 924(c)(1).

[7]    *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

[8]    *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

[9]    Bell raised this issue in the district court in his *pro se* motion for new trial. The district court denied that motion on January 9, 1996.

[10]    *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *Yohey v. Collins*, 985 F.2d 222, 224-5 (5th Cir. 1993).

[11]    Bell elaborated upon one argument: that the district court erred in instructing the jury about the necessity of proving that the banks were FDIC insured. We find that the district court's instruction was proper.