IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30648
Summary Calendar
_____


JOSEPHINE S. LOVOI,

                                        Plaintiff-Appellant,

                        versus

TREASURE CHEST CASINO, LLC;
BOYD GAMING CORPORATION;
ROBERT GUIDRY,

                                        Defendants-Appellees.

------------------------------------------------------------------


                    _____

                        No. 98-30770
                    _____


JOSEPHINE S. LOVOI,

                                        Plaintiff-Appellant,

                        versus

TREASURE CHEST CASINO, LLC;
BOYD GAMING CORPORATION,

                                        Defendants-Appellees.

_____

            Appeal from the United States District Court
               for the Eastern District of Louisiana
                          (97-CV-446-S)
_____

                        January 13, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Josephine S. Lovoi, proceeding pro se, appeals the cases of Lovoi v. Treasure Chest Casino, LLC, et al., No. 98-30648 (Treasure Chest I) and Lovoi v. Treasure Chest Casino, LLC, et al., No. 98-30770 (Treasure Chest II).  In Treasure Chest I, the district court granted summary judgment in favor of the appellees on Lovoi's wrongful termination and failure to rehire claims under the Age Discrimination and Employment Act of 1967, § 7(b) et seq., as amended, 29 U.S.C. § 626(b) et seq. (ADEA) and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA).  In doing so, the district court adopted the magistrate judge's report and recommendation.  Next, under 28 U.S.C. § 1367(c)(3), the district court dismissed without prejudice Lovoi's related statutory state law claims.  Lovoi filed a timely notice of appeal.

In Treasure Chest II, the district court granted the appellees' motion to dismiss under Fed.R.Civ.P. 12(b)(6) on the grounds of res judicata.  Finally, in this case, the district court denied Lovoi's motion for recusal under 28 U.S.C. § 455(a). Judgment was issued accordingly and a notice of appeal filed.

As best as we can deduct from Lovoi's pro se brief, Lovoi appeals only the denial of her motion for recusal in Treasure Chest

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

II.  Lovoi argues that in granting judgment for the appellees in Treasure Chest I and Treasure Chest II, the district court engaged in crimes of corruption, treason, subordination of perjury, and the falsification of information.  Lovoi contends that the motivation for the district court's purported bias is its association with former Louisiana Governor Edwin Edwards who is also associated with Robert Guidry, one of the appellees.[1]

A motion for recusal is reviewed for an abuse of discretion. Garcia v. Woman's Hosp. of Texas, 143 F.3d 227, 230 (5th Cir. 1998).

Our study of the briefs and a review of the record plainly demonstrate that the district court did not abuse its discretion in denying the motion for recusal.  On appeal, Lovoi makes several disparaging and inflammatory accusations impugning the integrity of the district court.  Each of Lovoi's contentions, ranging from the far-fetched to the absurd, have no arguable basis in law nor fact. No reasonable person familiar with the record in this case would

---

[1]We further note that despite Lovoi's argument that she properly preserved for appellate review the dismissal of her termination and failure to rehire claims under the ADEA and the ADA, Lovoi has failed to brief the issues of whether the district court erred in granting summary judgment against her in Treasure Chest I and granting the motion to dismiss in Treasure Chest II. Consequently, these issues are waived and will not be entertained on appeal.  Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1046 n.7 (5th Cir. 1998); Price v. Digital Equipment Co., 846 F.2d 1026, 1028 (5th Cir. 1988)(arguments of pro se appellants must be briefed to be preserved).  Lovoi's blanket assertion in her rely brief that the appellees purportedly owe her back pay is also insufficient to preserve appellate review of her discrimination claims.  See Price, 846 F.2d at 1028.

harbor doubts about the district court's impartiality.  <u>See</u> <u>Garcia</u>,
143 F.3d at 229 (citing § 455(a)).

In the light of this record and considering Lovoi's procedural
error in not briefing her employment discrimination claims, we
conclude that the judgment of the district court, in all aspects,
is hereby

A F F I R M E D.[2]

---

[2]On September 8, 1998, Lovoi moved this court for a hearing to "cease any deals made with the defendants, which [are] further causing obstruction of justice."  The appellees objected to the motion on the grounds that it was procedurally improper and frivolous and therefore moved for sanctions, attorney's fees, and costs to be accessed against Lovoi.  Next, Lovoi filed a motion in objection and similarly moved for sanctions and attorney's fees against the appellees.  Both motions are hereby DENIED.  Lovoi is warned, however, that unsubstantiated allegations, which neither are supported by the record nor by specifically cited legal authority, are indeed frivolous and subject to severe monetary sanctions.  Any further briefing and pleadings filed in this case, which are of a similar character lacking in evidentiary and legal support, will draw substantial sanctions under Fed.R.App.P. 38.