**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-30894**
**Summary Calendar**

_____

**CHERYL OGUNBOR,**
**formerly known as Cheryl Hillery**

**Plaintiff-Appellant,**

**versus**

**THE CITY OF NEW ORLEANS; RONNIE OWENS; CAROLYN**
**BRYANT; AVIS MARIE RUSSELL,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**USDC No. 96-CV-712-K**

**July 19, 1999**

Before WIENER, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cheryl Ogunbor, _pro se_, appeals the judgment for Appellees following a jury trial in her action against them. We **AFFIRM**.

I.

Ogunbor, who was employed by the City of New Orleans, claimed that another City employee, appellee Ronnie Owens, subjected her to sexual harassment, including an incident where she claims he groped

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at her body.  Ogunbor filed three charges with the Equal Employment Opportunity Commission before filing this action, in which she claimed, *inter alia*, violations of Title VII (including sexual harassment, hostile work environment, and retaliation for filing a charge with the EEOC), defamation, and intentional infliction of emotional distress.  On the same day as the City was served with this action, Ogunbor's employment was terminated.

At trial, Ogunbor, Owens, and other City employees and named defendants testified regarding the events alleged in Ogunbor's complaint.  Her doctors also testified regarding her physical and mental condition during the relevant time period.  The jury returned a verdict for Appellees.

## II.

Ogunbor, who was employed by the City as a legal secretary, was represented by counsel in the district court, but, as noted, appeals *pro se*.  Of course, we liberally construe such briefs. *See, e.g.*, **Price v. Digital Equipment Corp.**, 846 F.2d 1026, 1027-28 (5th Cir. 1988).  Ogunbor appears to challenge three actions by the district court:  excluding certain evidence; not instructing the jury as to the consequences of failure to reach a unanimous verdict; and denying her new trial motion.

A.

Ogunbor's first claim is that the district court's erroneous evidentiary ruling biased the jury's verdict. But, Ogunbor does not cite to the record for when this ruling occurred. She states that the court erred in precluding her from testifying as to an allegedly harassing comment made to her by another secretary; however, the record of her testimony does not bear this assertion out. A different witness testified that she heard the other secretary make an "inappropriate" comment; but, upon objection by Appellees, Ogunbor's counsel stated that she had no intention of even asking what the comment was.

In her reply brief, Ogunbor mentions evidence that she wanted to introduce regarding the sexual harassment of other women by Owens. However, she fails to cite to any place in the record where she attempted to introduce this evidence, made a proffer of the evidence, or was denied the right to mention this evidence, and our review of the record reveals none. Because Ogunbor has failed to cite to the record as to where these alleged errors occurred and has neglected to cite any authority supporting her position on this issue, we deem the matter abandoned. *See, e.g.*, **id.** ("Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved")(citation omitted); FED. R. APP. P. 28(a)(4).

B.

Ogunbor next claims that the court erred in failing to instruct the jury on the consequences of a failure to reach a unanimous verdict. She cites no authority for requiring such an instruction, and it is unclear that such an instruction was requested. Arguments that are not briefed are deemed abandoned. *See, e.g.*, **Price**, 846 F.2d at 1027-28; FED. R. APP. P. 28(a)(4).

C.

Finally, Ogunbor asserts that the court erred in denying her new trial motion. Following the verdict, Ogunbor's counsel filed such a motion. Although Ogunbor is not explicit about the relief that she seeks, she is limited to a new trial because she did not seek judgment as a matter of law in district court. *See* **Whitehead v. Food Max of Mississippi, Inc.**, 163 F.3d 265, 270-71 (5th Cir. 1998). We review denials of new trial motions for abuse of discretion and will affirm unless the movant, in district court, demonstrates "an absolute absence of evidence to support the jury's verdict". **Id.** at 269. (Internal quotation omitted). Pursuant to our reveiw of the record and the briefs, we conclude that the district court did not abuse its discretion in denying the motion.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

- 4 -