**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-11238

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RELFORD HANKINS, also known as Ralph Hankins,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
Dist. Ct. No. 96-CR-110-ALL

_____

November 15, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

    Relford Hankins appeals the district court's denial of his motion for the return of his forfeited

assets, claiming that the government failed to give him adequate notice. We affirm on the ground that

    [*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth Circuit
Rule 47.5.4.

Hankins failed to preserve this issue in the district court.

Law enforcement officers at Dallas Love Field Airport arrested Hankins, who was later indicted by a federal grand jury for conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Hankins pled guilty.

At the time of his arrest, officers found $12,694 on Hankin's person. Some of that money was concealed in his underwear. Suspecting that the money came from drug proceeds, the Drug Enforcement Agency ("DEA") started administrative forfeiture proceedings. The DEA sent written notices of seizure to Hankins in care of the Dallas County Jail, to family members at a Dallas residence, and to Hankin's female traveling companion. The DEA also published a forfeiture notice in *USA Today.* Receiving no response, the DEA forfeited the money. Hankins had retained counsel to contest the forfeiture, but he failed to respond timely and post a bond by the set deadline.

Hankins filed a pro se motion in district court for the return of his forfeited assets. He claimed that the money was an inheritance from his father. The district court denied his motion.

This court will "not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances." *Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999). Hankins raised numerous arguments in the district court: double jeopardy; lack of probable cause to seize property; and lack of jurisdiction. Hankins, however, never objected to the alleged lack of notice in the district court. *See Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved") (citations omitted). Furthermore, Hankins does not cite to any "extraordinary circumstances" that may warrant an appellate hearing.

AFFIRMED.