# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

No. 09-60646
Summary Calendar

Charles R. Fulbruge III
Clerk

HUEY GRANGER,

Plaintiff–Appellant

v.

WILLIAM BILL SLADE, Individually and In His Official Capacity as
Chief of Police for the City of Pearl, MS; KEITH PETERSON,
Individually and In His Official Capacity as Police Officer for
the City of Pearl, MS; JEFF THAMES, Individually and in his
official capacity as a police officer for the City of Pearl, MS;
JACK B. BRENEMEN; THE CITY OF PEARL,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1309

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-60646

Huey Granger appeals the jury verdict returned against him on August 27, 2009, in which the jury found that the settlement agreement he entered into with the City of Pearl and various police officers was enforceable against him. Granger's brief consists of one paragraph, without citation to the evidence presented at trial or to relevant authorities.

Granger is proceeding *pro se*, and his pleadings are accordingly construed liberally. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Under the Federal Rules of Appellate Procedure, an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See* FED. R. APP. P. 28(a)(9)(A). Such contentions and citations are required so that the court can determine if there is "sufficient evidentiary foundation" to hold that the district court committed error. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009) Even *pro se* appellants must reasonably comply with this requirement. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Because Granger fails to properly argue or present issues in his appellate brief, we consider those issues to be abandoned. *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) ("[A]rguments must be briefed to be preserved."). Because Granger has abandoned all issues on appeal, his appeal is without arguable merit. *See Newsome v. EEOC,* 301 F.3d 227, 233 (5th Cir. 2002).

AFFIRMED.