# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2011

No. 10-20496
Summary Calendar

Lyle W. Cayce
Clerk

DYKEBA LECOLE ROGERS, as next of kin of Joelle J. Rogers, Jonah J. Rogers, Rebekah K. Rogers, Roosevelt Joe Edward Rogers, Joesettah L. Rogers and Rosettah L. Rogers; FLOYD THOMAS ROGERS, SR., as next of kin of Joelle J. Rogers, Jonah J. Rogers, Rebekah K. Rogers, Roosevelt Joe Edward Rogers, Joesettah L. Rogers and Rosettah L. Rogers,

Plaintiffs - Appellants

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT; ABE SAAVEDRA; TERRY GRIER; ALVIN ABRAHAM; JOHN LAGRONE; HENVA BHOLA; ET AL,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:10-cv-00658

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20496

Pro se plaintiffs Floyd Thomas Rogers Sr. and Dykeba Lecole Rogers, on behalf of themselves and as next of kin of their six children (collectively, "the Plaintiffs"), appeal the district court's judgment dismissing all of their claims against the Houston Independent School District ("HISD") and HISD administrators and teachers (collectively, "the Defendants"), and denying their requested monetary and injunctive relief. We AFFIRM.

The Plaintiffs brought this civil rights suit in district court based on a series of incidents and altercations at HISD schools involving HISD employees and the Plaintiffs. They consented to proceed before a magistrate judge. In response to the Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the magistrate judge recommended dismissing all of the Plaintiffs' claims. First, the magistrate judge recommended dismissing the Plaintiffs' claims on behalf of their children because the Plaintiffs lacked standing to sue as next of kin on behalf of their children, citing *Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (unpublished). Second, the magistrate judge recommended dismissing the Plaintiff's claims under 42 U.S.C. §§ 1981, and 1985(2) and (3), because the Plaintiffs did not allege any facts indicating race-based discrimination, nor any facts indicating that a conspiracy existed between the Defendants to deny the Plaintiffs' their civil rights. Third, the magistrate judge recommended dismissing the Plaintiffs' § 1986 claims because the Plaintiffs' § 1985 claims failed, citing *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) ("Having failed to demonstrate a claim under § 1985, by definition Lockett cannot sustain a claim under § 1986."). Finally, the magistrate judge recommended dismissing the Plaintiffs' § 1983 claims because, even liberally construed, the Plaintiffs' complaint did not allege the deprivation of a federally protected right. The district court adopted the magistrate judge's memorandum and recommendation in full and issued a final judgment

No. 10-20496

dismissing all of the Plaintiffs' claims and denying all requested relief. The Plaintiffs timely appealed.

On appeal, the Plaintiffs contend that the magistrate judge and district judge should have recused themselves because they each have an interest in the HISD, and that the magistrate judge did not act neutrally but as an advocate for the Defendants. They also argue that "[t]he mootness tagged on this case should . . . be reversed and remanded in favor of appellants." Appellant's Br. at 23. "'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)). The Plaintiffs have made no argument for why the magistrate judge or district judge below should have recused themselves other than the conclusory statement that they had "some kind of form of interest in" the HISD. Furthermore, they have not explained their assertion that the magistrate judge acted improperly as an advocate for the Defendants, nor have they explained why they think that the magistrate judge deemed their claims moot. Besides these arguments, the Plaintiffs have failed to raise any other arguments that the district court erred in dismissing their claims.

Because the Plaintiffs have failed to demonstrate any error in the district court's judgment, we AFFIRM.