**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1881**

In Re:  ROBERT LEWIS, JR.,

        Appellant.

------------------------------------

DENNIS DARNAY WILLIAMS,

        Plaintiff,

    v.

MARJORIE K. LYNCH,

        Defendant – Appellee,

JAMES B. ANGELL,

        Party-in-Interest - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:13-cv-00696-BO)

Submitted:  April 28, 2015        Decided:  June 9, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert Lewis, Jr., LEWIS LAW FIRM, Raleigh, North Carolina, for Appellant.   Brian   C.   Behr,   OFFICE   OF   THE   BANKRUPTCY

ADMINISTRATOR, Raleigh, North Carolina; James B. Angell, Nicholas C. Brown, HOWARD, STALLINGS, FROM & HUTSON, PA, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lewis, Jr., appeals from the district court's order affirming the order of the bankruptcy court partially suspending him from practicing in the bankruptcy court, ordering the disgorgement of undisclosed attorney fees received, and imposing a $2500 monetary sanction. He also appeals from the district court's affirmance of the bankruptcy court's order reinstating his bar privileges after an additional term and upon Lewis' compliance with the sanctions order. We affirm.

During the investigation of a debtor in bankruptcy, the Bankruptcy Administrator ("BA") identified several discrepancies within the debtor's bankruptcy schedules and between the debtor's statements and those prepared by his attorney, Robert Lewis, particularly with respect to fees paid to Lewis. After further investigation, the BA filed a report of Lewis' alleged misconduct and moved for sanctions to be imposed against Lewis for violating the requirement of full disclosure of fees in bankruptcy cases. The BA also asserted numerous other violations by Lewis, including the acceptance of more than $6000 from the debtor, purportedly toward attorney's fees for prepetition civil litigation of which the debtor denied knowledge; continuing to represent the debtor without approval from the bankruptcy court after conversion of the debtor's case to Chapter 11; violating the rule against "ghost-writing" appeal

3

documents for the debtor; and failing to maintain copies of filed documents that contain an original signature. The Chapter 7 Trustee also moved for sanctions on these same bases.

After holding hearings on the BA's and Trustee's motions for sanctions, the bankruptcy court determined that sanctions were appropriate and temporarily suspended Lewis from initiating new bankruptcy cases on behalf of clients in the Bankruptcy Court for the Eastern District of North Carolina until December 14, 2013. With respect to existing clients, Lewis was authorized to continue his representation, but was required to submit monthly reports to the court and to the BA, certifying that he was the attorney of record and disclosing all compensation paid or to be paid to him for his services in connection with his pending bankruptcy cases. The court ordered Lewis to pay $2500 in sanctions and to disgorge $8400 in fees. The court additionally ruled that Lewis' reinstatement to practice was conditioned on his full compliance with the court's order. The court warned Lewis that failure to fully comply will result in more severe sanctions.

During the hearing on Lewis' reinstatement, the bankruptcy court found that Lewis had not fully complied with the sanctions order. The court directed that Lewis' privilege to practice before the bankruptcy court would be reinstated on May 19, 2014, provided that, before that date, Lewis paid the sanctions and

4

disgorged the fee amount, as required by the court's original sanctions order. The court also ordered that the heightened reporting requirements imposed on Lewis in the original sanctions order would continue for all new bankruptcy cases filed by Lewis.

Lewis appealed from the sanctions order and from the reinstatement order. The district court affirmed the bankruptcy court's rulings. Lewis noted his appeal to this court, challenging the authority of the bankruptcy court to order sanctions, the nature of the sanctions imposed, and the fact that the bankruptcy court did not issue findings of fact or conclusions of law. He also argued that the district court erred by considering the Appellees' brief filed in the appeal from the reinstatement order in deciding the issues in the appeal from the sanctions order and erred by affirming the bankruptcy court's disposition without holding oral argument.

Lewis contends that the bankruptcy court lacks authority to suspend the bar privileges of attorneys who practice in that court, claiming that only the district court has such authority. We do not agree.

The bankruptcy court has the inherent power, "incidental to all courts" to "discipline attorneys who appear before it." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). This inherent power includes the power to suspend or disbar attorneys from

5

practicing before the court. In re Snyder, 472 U.S. 634, 643 (1985). Additionally, the Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11] or to prevent an abuse of process." 11 U.S.C. § 105(a) (2012); see In re Walters, 868 F.2d 665, 669 (4th Cir. 1989) (upholding under 11 U.S.C. § 105(a), contempt sanctions based on attorney's failure to disclose fees, disgorge unauthorized fees, and obtain authority to represent debtor). We conclude that the bankruptcy court appropriately determined that it had the authority to sanction Lewis for his misconduct. See In re Johnson, 921 F.2d 85, 586 (5th Cir. 1991) (stating that bankruptcy courts "have both the statutory and inherent authority to deny attorneys and others the privilege of practicing before that bar").

Lewis contends that, pursuant to Stern v. Marshall, 131 S. Ct. 2594 (2011), bankruptcy courts lack authority over attorney disciplinary matters. In Stern, the Court held that Congress exceeded the limitation of Article III by identifying as a "core matter" a state-law counterclaim by a debtor in bankruptcy against a creditor who had not consented to the jurisdiction of the bankruptcy court. Id. at 2620. Because the counterclaim was "in no way derived from or dependent upon bankruptcy law," the Supreme Court determined that the

6

bankruptcy court could not, in compliance with the Constitution, enter a final order on that claim. Id. at 2618.

We think Lewis' situation is distinguishable. The basis upon which the bankruptcy court imposed sanctions was Lewis' violation of bankruptcy law and procedures and his misconduct in the bankruptcy court. The bankruptcy court clearly had jurisdiction over this matter based on the fact that Lewis voluntarily presented himself in the bankruptcy court as an attorney and officer of the court, and because, unlike the counterclaim in Stern, the bases upon which the sanctions were imposed arose from, and were dependent upon, the bankruptcy proceeding. Lewis next argues that the sanctions imposed were in the nature of punishment and therefore amounted to criminal contempt and were imposed in violation of his due process rights. We disagree. A contempt sanction is criminal if "it is imposed retrospectively for a 'completed act of disobedience'." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829 (1994). Contempt sanctions are civil in nature if the purpose is to coerce compliance with a court order or to compensate another party for losses sustained. Id. Suspension of an attorney from the practice of law is generally deemed a civil penalty, imposed to coerce compliance with the rules of the court. See Ex parte Wall, 107 U.S. 265, 288 (1883); In re Liotti, 667 F.3d 419, 430-31 (4th Cir. 2011). We conclude that

7

the sanctions imposed on Lewis were within the bankruptcy court's authority and that the court appropriately imposed civil sanctions partially suspending him from practicing in the bankruptcy court, requiring the disgorgement of unauthorized fees, imposing a monetary sanction, and conditioning his reinstatement upon fulfilling the sanction order. See Bagwell, 512 U.S. at 829.

We also do not think the district court erred in its consideration of Lewis' appeal. First, Lewis' contention that the district court erred on appeal by not hearing oral argument is belied by the record, which evidences that the court held a hearing and Lewis presented argument. Second, we find no abuse of discretion in the district court's consideration of the Appellees' brief in the reinstatement appeal to resolve issues in the sanctions appeal. See In re Haberman, 516 F.3d 1207, 1208 n.* (10th Cir. 2008) (allowing consideration of noncompliant briefs at court's discretion, provided that opposing party is not prejudiced); Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988) (same).

Lastly, Lewis contends that the district court erred by upholding the bankruptcy court's ruling where the bankruptcy court did not expressly state findings of fact and conclusions of law. Because Lewis failed to raise this argument in the district court, it is waived on appeal. See In re Wallace &

8

Gale Co., 385 F.3d 820, 835 (4th Cir. 2004) (on appeal from bankruptcy court's ruling, failure to raise argument before district court results in waiver of argument on appeal "absent exceptional circumstances").

In sum, we find no reversible error by either the bankruptcy court or the district court. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED