# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

SHADDONNA DIANE MILES,

Plaintiff - Appellant

v.

HOUSING AUTHORITY OF TEXARKANA, TEXAS; VICKI NELSON,
Employee,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:15-CV-37

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Shaddonna Miles filed suit against Defendants–Appellees Housing Authority of Texarkana, Texas, (HATT) and Vicki Nelson, alleging that HATT discriminated against her under the Fair Housing Act (FHA).  The district court dismissed her complaint for failure to state a claim

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40118

because Miles failed to allege facts supporting a prima facie case of discrimination. We agree and AFFIRM the judgment of the district court.

HATT, a government entity in Bowie County, Texas, operated the Affordable Homeownership Program (the Program) to allow qualified applicants to buy or build a new home in a specified neighborhood. The Program received funding through the Hope VI grant provided by the United States Department of Housing and Urban Development (HUD). Eligible applicants for the Program must obtain a first mortgage to purchase a home from an independent lender, and then the Program provides a second mortgage for the difference between the first mortgage and the price of the home. As the district court noted, the Program requires applicants, in addition to satisfying other requirements, to "have sufficient creditworthiness to be able to secure a 30-year fixed market rate loan from a private lender at the maximum level commensurate with [the applicant's] income and the lender's underwriting criteria." Miles enrolled in the Program in 2008, and Nelson began working for HATT in 2013. In May 2014, Nelson informed Miles that she was ready to begin the process of being prequalified for a mortgage through an independent lender. However, Miles was denied a loan for a home by Farmer's Bank, the independent lender, because of Miles's low credit score.

On April 27, 2015, Miles filed suit against HATT and Nelson, asserting a discrimination claim based on Miles's disability. In her complaint, Miles alleged that she has a disability—though she never identified that disability—and that HATT failed to provide assistance to her through the Program, resulting in damages of $5,000,000. The defendants moved to dismiss Miles's complaint for failure to state a claim, arguing that they did not discriminate against Miles because she failed to satisfy all of the criteria for home-buying assistance through the Program and that Miles failed to identify a qualifying

2

handicap under the FHA. Nelson also moved for dismissal based on qualified immunity.

The district court referred the case to a magistrate judge who recommended dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for two reasons. The magistrate judge found that because Miles never disputed that she failed to meet all of the eligibility criteria for assistance under the Program—she never received a mortgage from an independent lender—the defendants had not discriminated against her. The magistrate judge further found that Miles had failed to allege that her disability constituted a handicap under the FHA. The magistrate judge also concluded that Nelson was entitled to qualified immunity, as Miles alleged no "acts indicating Nelson violated a clearly established right or that her actions were objectively unreasonable." The district court adopted the magistrate judge's report and recommendations and dismissed Miles's cause of action with prejudice. Miles timely appealed.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014).

In her complaint, Miles alleged that HATT and Nelson discriminated against her based on her disability by denying her assistance in purchasing a

3

home.[1]  Under 42 U.S.C. § 3604(f)(1), "it [is] unlawful . . . [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer . . . because of a handicap" of the buyer.  *See City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 (1995) ("The . . . FHA . . . prohibits discrimination in housing against, *inter alios*, persons with handicaps.").  The FHA defines a handicap as "a physical or mental impairment which substantially limits one or more of [a] person's major life activities, . . . a record of having such an impairment, or . . . being regarded as having such an impairment."  42 U.S.C. § 3602(h).  Although Miles stated throughout her complaint that she has a disability, she never identified this disability, alleged that this disability has any effect on her major life activities, alleged that there was a record of a qualifying impairment, or alleged that she was regarded as having a qualifying impairment.  *See Iqbal*, 556 U.S. at 678.  Accordingly, we agree with the district court that Miles failed to state a claim for discrimination under the FHA because she failed to allege that she has a handicap as defined by the FA.

We further agree with the district court that Miles failed to state a discrimination claim because she failed to establish that she was qualified to receive assistance under the Program.  In *Petrello v. Prucka*, 484 F. App'x 939, 942 (5th Cir. 2012) (per curiam) (unpublished), this court explained that one of the elements of "a prima facie claim of housing discrimination under . . . the FHA" is that the plaintiff "applied for and was 'qualified to purchase' the housing."  Here, the district court determined that Miles could "not establish a claim . . . based on discrimination [because] she never qualified for assistance."

---

[1] In her briefing on appeal, Miles alludes to an intentional infliction of emotional distress claim against Nelson and a negligence claim against HATT.  "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)).  Miles has not sufficiently briefed these arguments, so they are waived.

We see no error in this determination.  Obtaining a first mortgage from an independent lender was a stated condition of assistance under the Program, and Miles alleged nowhere in her complaint that she satisfied this condition. Because she has not alleged that she was qualified to purchase the housing, she has failed to state a claim of discrimination under the FHA.

Finally, we find no error in the district court's conclusion that Nelson was entitled to qualified immunity.  Nelson pleaded qualified immunity, and once a defendant has pleaded a good-faith entitlement to qualified immunity, "the burden *shifts* to the plaintiff to rebut it."  *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  As we discussed above and as the district court correctly recognized, Miles "fail[ed] to allege any specific facts indicating that Nelson violated a clearly established right."  Therefore, Miles has not abrogated Nelson's qualified immunity.

Because Miles failed to state a claim against HATT or Nelson and because Nelson is entitled to qualified immunity, the district court committed no error in dismissing Miles's cause of action.  The judgment of the district court is AFFIRMED.