# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11045

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2019

Lyle W. Cayce
Clerk

ADOLPH MARTINEZ,

      Plaintiff - Appellant

v.

MARSHA MCLANE, Executive Director, Texas Civil Commitment Office;
TEXAS CIVIL COMMITMENT OFFICE (TCCO),

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-265

Before BARKSDALE, STEWART, and COSTA, Circuit Judges.

PER CURIAM:*

      This appeal is from a judgment entered under Federal Rule of Civil Procedure 54(b) for two of several defendants: the Texas Civil Commitment Office (TCCO); and Marsha McLane (TCCO's executive director). In his complaint for this action pursuant to 42 U.S.C. § 1983, Adolph Martinez, proceeding *pro se*, raised issues related to his status as a civilly-committed

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-11045

sexually violent predator (SVP), claiming, *inter alia*, TCCO and McLane violated, and continue to violate, rights conferred upon him by the United States Constitution.  In addition, he claimed violations of Texas law.

The district court, through an order summarily adopting the reasons stated in TCCO and McLane's motions to dismiss, and her reply to Martinez' objections to her motion, dismissed this action against them pursuant to Rules 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim).

On appeal, Martinez waives some of the claims in his complaint; federal courts lack jurisdiction for his state-law claims; and Martinez fails to state a claim for those that remain.  AFFIRMED.

I.

As noted, Rules 12(b)(1) and (b)(6) are in play.  Therefore, for the reasons discussed *infra*, some of the following facts are accepted from Martinez' complaint, including the attached judgment.  For the remainder of the following facts, we take judicial notice of the orders and other documents in the appendix to McLane's motion to dismiss.  *E.g.*, Fed. R. Evid. 201.

Prior to any involvement with appellees, Martinez was convicted of multiple sexual-misconduct offenses.  In 2002, while he was imprisoned, a Texas state court adjudged him an SVP.  As a consequence, that court ordered Martinez' commitment for outpatient treatment upon his release from prison, which was consistent with Texas Health & Safety Code § 841.081, as then written.  Therefore, when released from prison in 2003, Martinez was placed in the custody of the Council on Sex Offender Treatment to complete an outpatient-treatment program.

In 2005, however, Martinez was arrested and his parole was revoked after he violated conditions of his civil commitment and failed to progress in

No. 17-11045

treatment. After entering a plea agreement with the State, Martinez was sentenced to five-years' imprisonment.

Martinez was released from prison in 2013. Due to his age and physical limitations, he was permitted to live in an assisted-living facility. In 2014, while in the facility, he engaged in prohibited sexual activity. As a result, he was placed in a halfway house. Due to his refusal to pay global-positioning-satellite fees, he was placed in "an Intermediate Sanction Facility" from June 2015 until 1 September 2015.

Earlier in 2015, however, the Texas Legislature had passed Senate Bill 746, which amended the above-referenced Texas Health & Safety Code § 841 by abolishing the outpatient program to which Martinez had been committed, with state courts being directed to amend the order of civil commitment for every SVP by placing them in a tiered-treatment program with increased treatment and supervision. The new law required notice to each SVP, alerting him of his status change and his right to a hearing. Accordingly, in a 2 July 2015 letter from TCCO to "All Clients", Martinez and other SVPs received notice of these changes.

On 26 August 2015, through a "Consent To Tiered Treatment" executed by Martinez, he waived his hearing-right and "consent[ed] to join" the tiered-treatment program. On 2 September, a Texas state court amended Martinez' prior order of civil commitment to conform with the above-described changes contained in Senate Bill 746. Soon thereafter, a Texas-court amended order of civil commitment required Martinez to "reside where instructed by the TCCO".

In July 2016, despite Martinez' earlier, above-described waiver of his right to a hearing and his concomitant consent to enter the tiered treatment, he challenged his commitment status by filing a petition for a writ of mandamus in the Texas court system, contesting the application of the Senate Bill 746 amendments to him and his total confinement pursuant to the changed

No. 17-11045

law.  Texas courts denied Martinez' petition, upholding the application of the amended statute to him and his confinement.

Martinez, proceeding *pro se*, filed the complaint in this action in November 2016 pursuant to 42 U.S.C. § 1983; in addition to his federal-law claims, he claimed violations of Texas law.  Martinez named, *inter alia*, TCCO and McLane as defendants.

In response, TCCO and McLane filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and briefs in support of the motions.  Martinez responded, in part, with objections, followed by McLane's filing a reply brief in support of her motion.

Taking these papers into consideration, the district court, in a 7 September 2017 order, summarily granted both motions to dismiss for "the reasons thoroughly and persuasively argued" in appellees' motions and McLane's reply, and dismissed without prejudice for lack of subject-matter jurisdiction Martinez' claims against TCCO, his "claims against . . . McLane or TCCO challenging the validity of his civil commitment", and his "claims seeking money damages from . . . McLane in her official capacity".  Order at 2, *Martinez v. McLane*, No. 5:16-cv-00265-C (N.D. Tex. 7 Sept. 2017).  The other claims against McLane were dismissed with prejudice.  *Id.*  Finally, the court denied "[a]ll relief not expressly granted by this Order".  *Id.*  A final judgment for TCCO and McLane was entered pursuant to Rule 54(b).

## II.

"We review a district court's ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction *de novo.*"  *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013) (italics added) (citation omitted).  Likewise: "We review a Rule 12(b)(6) dismissal *de novo*, accepting all well-plead[ed] facts as true."  *Morin v. Moore*, 309 F.3d 316, 319 (5th Cir. 2002) (citation omitted).

No. 17-11045

A.

Martinez' *pro se* appellate brief does not contain any claim against TCCO.  And, notwithstanding his claims in his complaint relating to medical and dental care, they are not mentioned in that brief.  The same is true for the claims in his complaint relating to Social Security payments.

"Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved." *Price v. Dig. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam) (italics added) (citations omitted).    Therefore, Martinez' claims against TCCO, claims asserting inadequate medical and dental care, and claims related to Social Security payments are waived.

B.

On appeal, Martinez seeks monetary damages from McLane (TCCO's executive director) in her individual capacity.  His complaint, however, makes clear he sues McLane only in her official capacity.  Because "officials" do not qualify as "persons" for purposes of 42 U.S.C. § 1983, Martinez may not bring an action seeking monetary damages from an official in her official capacity pursuant to that statute.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . .  We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").    Therefore, Martinez fails to state a claim for monetary damages.

C.

As noted, Martinez has waived on appeal any claims against TCCO.  His remaining federal-law claims for injunctive relief are best categorized as follows:  McLane "unlawfully placed [Martinez] in total confinement[,] which is clearly not part of his Final Judgment or Amended Order of Commitment";

No. 17-11045

his confinement violates his substantive-due-process right to outpatient treatment; he is being punished for failure to pay for sex-offender treatment and for his confinement, which he asserts is a violation of his Fourteenth Amendment procedural-due-process rights; and he receives constitutionally inadequate sex-offender treatment.

1.

The first two claims, dealing with confinement, may be considered together. Each claim fails.

Martinez' assertion that his confinement violates his right to outpatient treatment fails because Martinez never had that right. First, Martinez' order of civil commitment imposed obligations upon him with consequences for failure to comply. Second, Texas Health & Safety Code § 841.082(e), which went unchanged by Senate Bill 746, provided that an SVP's order of commitment "may be modified . . . at any time after notice to each affected party to the proceedings and a hearing". Tex. Health & Safety Code § 841.082(e). From the outset, as evidenced by Martinez' pre-amendment confinement, it was possible for an SVP to be confined upon receiving notice and a hearing.

Pursuant to the amended statute, Martinez received notice "[t]he program will no longer exclusively provide outpatient treatment; instead, you will participate in a tiered program that includes both inpatient and outpatient treatment stages". He then waived his right to a hearing and consented to enter the tiered-treatment program, after which a Texas court signed an order transferring Martinez into the program. This exact sequence of events could have occurred prior to the statutory amendment.

Because Martinez had no right, federal or otherwise, to outpatient treatment, his being placed in confinement, in conformity with the amended statute, was lawful. Accordingly, his claims relating to confinement fail.

No. 17-11045

2.

Martinez' claim he is being punished for failure to pay for sex-offender treatment and for his confinement likewise fails to state a claim. He cites no legal authority for the proposition that a non-indigent civil-committee may not be assessed these costs.

3.

Regarding his claim he is receiving constitutionally inadequate sex-offender treatment, Martinez asserts his treatment-providers are not licensed in accordance with Texas law; but, he does not state how this violates the United States Constitution. Although he points to out-of-circuit precedent stating the Fourteenth Amendment requires civilly-committed persons receive access to mental-health treatment giving them a realistic opportunity to be cured, he does not state how his treatment fails to do so. Martinez again fails to state a claim.

D.

Martinez raised a number of state-law claims in his complaint. On appeal, however, he asserts only violations of the Texas Constitution. As the Supreme Court has held, however: "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. . . . [T]his principle applies as well to state-law claims brought into federal court under [supplemental] jurisdiction". *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Because Martinez proceeds against McLane solely in her official capacity, the Eleventh Amendment bars federal jurisdiction over his claims for violations of the Texas Constitution. *See id.* Accordingly, these claims are dismissed without prejudice.

No. 17-11045

### E.

Finally, Martinez asserts the district court abused its discretion in not allowing him to amend his complaint prior to dismissing it. The court ruled:

> While courts will ordinarily grant leave to amend an inadequate complaint, an exception exists where the plaintiff has filed a lengthy response asserting the adequacy of his existing complaint and has refused to amend his complaint in the face of a motion to dismiss that puts him on notice of pleading deficiencies. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

Order at 2 n.3, *Martinez v. McLane*, No. 5:16-cv-00265-C (N.D. Tex. 7 Sept. 2017). That ruling is consistent with the cited precedent: although district courts ordinarily grant leave to amend an inadequate complaint, an exception exists where plaintiff: "(1) repeatedly declared the adequacy of [his] complaint in a lengthy response to defendant's motion to dismiss, and (2) refused to file a supplemental complaint even in the face of a motion to dismiss". *Id.* (internal quotation marks and citation omitted).

Despite appellees' briefs and other papers at the motion-to-dismiss stage, contesting the sufficiency of his complaint, Martinez failed to amend it. Further, rather than amend his complaint, Martinez' response to McLane's motion to dismiss is, *inter alia*, replete with contentions his complaint is adequate. Because both *Brown v. Taylor* criteria exist for not allowing a complaint to be amended, the court did not err.

### III.

For the foregoing reasons, the judgment is AFFIRMED.