# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-20025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2020

Lyle W. Cayce
Clerk

JESSICA DEVALENTINO,

      Plaintiff - Appellant

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-393

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Jessica DeValentino appeals the district court's grant of summary judgment to the Houston Independent School District ("HISD") on her employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act ("TCHRA"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-20025

## I.     Background

DeValentino, an African American woman, worked as an assessment administrator in HISD's Student Assessment Department for approximately two years until she was fired in September 2016.  In April 2016, DeValentino was moved to the online assessment team.   The team consisted of DeValentino, two additional online assessment administrators who were Hispanic, and their supervisor, Diana Bidulescu, who is Caucasian. DeValentino and Bidulescu did not get along.

Just three days after joining the new team, DeValentino filed a formal complaint against Bidulescu.  DeValentino, Bidulescu, and Leng Fritsche, the assistant superintendent of the Student Assessment Department, met to discuss DeValentino's complaint.  In May, Bidulescu issued three memoranda to DeValentino regarding her inability to follow instructions or comply with the department's professional conduct standards.  Around that same time, DeValentino filed two additional complaints against Bidulescu, one of which alleged racial discrimination.

In August, following a poor performance evaluation by Bidulescu, DeValentino was placed on a Prescriptive Plan for Assistance ("PPA") until September 2.  The PPA identified three specific areas for improvement: quality of materials, timeliness and teamwork, and organization.  It also entailed biweekly check-in meetings.  In these check-in meetings, Bidulescu identified PPA goals that DeValentino had failed to meet.  Citing continued poor job performance and inability to improve while on the PPA, HISD terminated DeValentino on September 27.

DeValentino sued HISD, claiming that HISD violated Title VII and the TCHRA by terminating her because of her race and retaliating against her based on her discrimination complaints.  The district court referred the matter to a magistrate judge.  HISD moved for summary judgment on both

2

claims, and the magistrate judge recommended granting the motion with respect to the racial discrimination claim only.  The magistrate judge's report and recommendation ("R&R") warned that a failure to file written objections within fourteen days from service of the R&R would foreclose de novo review by the district judge or the appellate court.

HISD timely objected to the R&R on the retaliation claim, but DeValentino did not timely object on the discrimination claim.  The district court granted HISD's motion in full.  It found no plain error in the magistrate judge's recommendation on the discrimination claim and adopted the R&R on that point, and it concluded that DeValentino failed to present a material fact dispute regarding pretext for her retaliation claim.  DeValentino timely appealed.

## II.    Discussion

HISD's argues that DeValentino's arguments are inadequately briefed in violation of Federal Rule of Appellate Procedure 28 and our corresponding Fifth Circuit Rule 28 such that we should summarily affirm.  DeValentino's pro se brief is less than fulsome.  We need not reach this question as to the discrimination claim, however, because even construing her arguments liberally, they still fail.  *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (per curiam) (holding that we may consider a noncompliant brief when the noncompliance does not prejudice the opposing party).

On the other hand, she provides nothing on the retaliation claim, so we conclude that it should not be considered on appeal.  She broadly describes the issue as involving "the decision for summary judgment," but she provides no evidentiary support regarding pretext for her retaliation claim.  *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam) (observing that prejudice would likely exist if there were "disputed facts

cloud[ing] the resolution of [the] legal issue"). We thus summarily affirm on the retaliation claim and turn to the discrimination claim.

We review the district court's holding on that issue for plain error because DeValentino failed to timely object to the R&R. *See Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (holding that plain error review applies when a party fails to timely object to a magistrate judge's R&R despite being served with notice of the consequences of failing to do so). To prevail under this standard, DeValentino must show that (1) the district court committed an error; (2) "the error was plain, which means clear or obvious;" (3) the error affected her substantial rights; and (4) "not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings."[1] *Id.* at 825–26 (internal quotation marks and citation omitted). We hold that the district court did not plainly err in granting summary judgment on DeValentino's discrimination claim.

The magistrate judge identified the correct legal standard: the *McDonnell Douglass* burden-shifting framework. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403–04 & n.2 (5th Cir. 1999) (analyzing Title VII and TCHRA discrimination claims under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–03 (1973)). The magistrate judge also correctly applied the *McDonnell Douglas* framework. At step one, HISD conceded that DeValentino had presented a prima facie case. *See Shackelford*, 190 F.3d at 404. Thus, the magistrate judge proceeded to step two and concluded that HISD had asserted, and supported with sufficient evidence, a legitimate, nondiscriminatory reason to terminate DeValentino: poor work performance. *See id.* On the third and last step, the magistrate judge concluded that DeValentino had failed to raise a genuine material fact issue regarding

---

[1] DeValentino misunderstands this standard. We review whether the court plainly erred, not whether she erred.

pretext. *See id.* The R&R noted that DeValentino had failed to point to any evidence in the record supporting her claims that Bidulescu reported inaccurate information or that two similarly situated employees were treated more favorably than she was. Indeed, DeValentino confirms that she did not "address[] pretext when the case was at the District Court." We identify no error in the magistrate judge's R&R and thus hold that the district court did not plainly err in granting summary judgment on DeValentino's discrimination claim.

AFFIRMED.