United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30746
Conference Calendar

_____

JUANITA PEREZ HERNANDEZ; DANIEL MONTES, JR.,

Plaintiffs-Appellants,

versus

CLAIRE LOUISE BOURGOISE GRUBBS, ET AL.,

Defendants,

CLAIRE LOUISE BOURGOISE GRUBBS;
RICHARD J. BOURGOISE; MARTIN J. BOURGOISE;
JAKE'S DEPARTMENT STORE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3783-K
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juanita Perez Hernandez and Daniel Montes, Jr.

(collectively, Appellants), have appealed, pro se, the district

court's summary-judgment dismissal of their civil rights lawsuit.

The Appellants acknowledge that the district court correctly held

that 42 U.S.C. § 1983 does not provide a jurisdictional basis for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

their claims, but they argue that they should have been given an opportunity to amend their complaint to state a valid cause of action. They further argue that the entry of summary judgment was error because of the existence of unidentified genuine issues of material fact relative to the validity of their claims.

Although this court applies less stringent standards to parties proceeding pro se than to litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. CIV. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). The Federal Rules of Appellate Procedure require the parties to provide references to the page number of the record to support statements of fact. FED. R. APP. P. 28(a)(7) and (9)(A)(2002); 5TH CIR. R. 28.2.3; Yohey v. Collins, 985 F.2d 222, 224 (5th Cir. 1993). As the Appellants have failed to comply with these requirements, we do not consider their arguments. The appeal is frivolous, and it is dismissed. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.