# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2012

No. 11-50418
Summary Calendar

Lyle W. Cayce
Clerk

NELSON TOALA,

Plaintiff - Appellant

v.

MARRIOTT WHITE LODGING CORPORATE,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
1:10-CV-309

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nelson Toala, a former employee at Marriott White Lodging ("White") in South Austin, Texas, proceeding pro se, appeals the district court's grant of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment on his racial and national origin discrimination and age discrimination lawsuits.

Toala alleged racial and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and age discrimination in violation of The Age Discrimination in Employment Act, 29 U.S.C. § 621. He claimed that he was demoted, had his hours reduced, and was not promoted from his position as a buffet attendant at the hotel. He further contended that his workplace was hostile. The district court granted summary judgment after it found that Toala was unable to establish viable claims because he voluntarily resigned his position, had never applied for a promotion, and could not allege any specific instances of harassment.

On appeal, Toala does not state grounds on which this court should reverse the district court's judgment. White contends Toala's brief fails to conform to Rule 28 of the Federal Rules of Appellate Procedure and asks this court to dismiss the appeal for failure to brief any issue. This court liberally construes briefs of pro se litigants and applies less stringent standards to their briefs, but "pro se parties must still brief the issues and reasonably comply with the standards of Rule 28." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

We have criticized briefs and yet found them sufficient to consider issues when they make some minimal claim of error below. Toala "fails to meet even this minimal requirement. Aside from the implication raised by its existence, his brief does not argue that the district court erred in any way." Id. at 525. "[His] appellate brief does little more than restate the relevant factual events leading to his original complaint." See Id. at 524. Thus, his brief does not comply with the Federal Rules of Appellate Procedure.

Noncompliant briefs filed by pro se appellants may, however, be considered at this court's discretion so long as the opposing party is not prejudiced. Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988). "Accordingly, we

look to whether [Toala's] noncompliance with procedural rules caused [White] harm or unfair surprise." Grant, 59 F.3d at 525. Toala's brief explains the facts as he sees them, but fails to identify any particular errors by the district court. "Because [Toala] does not state whether the basis for his challenge to the district court's [grant of summary judgment] is legal, factual, or both, he forced [White] to speculate as to the relevant issues when [it prepared its] own brief." Id. at 525. Toala's failure to articulate the basis of his challenge prejudiced White.

Toala's brief does not comply with the Federal Rules of Appellate Procedure and does not sufficiently identify the issues raised on appeal to prevent the prejudice of White. Therefore, we DISMISS Toala's appeal for want of prosecution.