# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40610
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

KENDELL L. MURPHY,

Plaintiff-Appellant

v.

BARRY S. ANDREWS; SHERMAN COOPER; JAMES DANHIEM; JIMMY O. BOWMAN; WILLIAM R. MOTAL; RICK THALER; WILLIAM R. SUTER,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-508

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Kendell L. Murphy, Texas prisoner # 1372192, appeals the dismissal of his 42 U.S.C. § 1983 suit against remaining defendants Barry S. Andrews and Sherman Cooper following a jury trial. He asserts that (1) Andrews, Cooper, and other defense witnesses perjured themselves and misled the jury; (2) the district court improperly prevented him from cross-examining Andrews and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40610

Cooper regarding inconsistent statements that they made in their affidavits; (3) the State improperly prevented him from obtaining sworn declarations from unidentified individuals and from calling unspecified witnesses at trial by making them unavailable; (4) the district court improperly denied him an opportunity to thoroughly cross-examine the defendants' witnesses; (5) the activity logs to which the State's attorney referred during his cross-examination of Murphy were fabricated, and Murphy had not been previously notified of the defense's intent to rely upon them; (6) the cell door photograph to which the State's attorney attempted to refer during cross-examination of witness Bradius Davis was prejudicial and irrelevant; and (7) Davis and Murphy were purposely transported in the same van so that aspersions could be cast on Davis's credibility by suggesting that Davis and Murphy fabricated Davis's testimony.

Through his perjury argument, Murphy seeks, at base, for this court to overturn the jury's credibility determinations; however, such determinations are the jury's province, not ours. *See Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). Murphy's remaining arguments, which are devoid of citations to the record or supporting case law, are insufficient. *See* FED. R. APP. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se litigants must brief arguments to preserve them). In any event, they are not supported by the record.

We AFFIRM the judgment of the district court and DENY Murphy's motion for appointment of counsel.