# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20146
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce
Clerk

DAWN BAILEY,

      Plaintiff–Appellant,

v.

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE,

      Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:14-CV-292

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

      Plaintiff–Appellant Dawn Bailey appeals the district court's grant of summary judgment in favor of Defendant–Appellee U.S. Bank, National Association, as Trustee ("U.S. Bank"). This appeal arises from the foreclosure sale of Bailey's real property.[1]

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] ROA.18.

No. 15-20146

Although timely filed, Bailey's brief contains no record citations to support its statement of facts or the legal arguments challenging the district court's ruling.[2] Under Federal Appellate Rule of Procedure 28(a)(6), an appellant's brief must include "a concise statement of the case setting out the facts . . . with appropriate references to the record." Rule 28(a)(8)(a) requires that the brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

Although pro se briefs are construed liberally and this Court "appl[ies] less stringent standards to parties proceeding pro se than parties represented by counsel," pro se litigants still must reasonably comply with Rule 28. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (quoting *Grant v. Cueller*, 59 F.3d 523, 524 (5th Cir. 1995)). Because Bailey has failed to provide any record citations to support her statement of the case or contention that the district court erred in granting summary judgment, she has abandoned this issue by failing to properly brief it. *See Murphy v. Andrews,* 609 F. App'x 222, 223 (5th Cir. 2015) (per curiam); *United States v. Stewart*, 466 F. App'x 340, 341 (5th Cir. 2012) (per curiam); *Hernandez v. Grubbs*, 82 F. App'x 866, 867 (5th Cir. 2003) (per curiam).

Under limited circumstances, this Court may exercise its discretion to consider pro se briefs that fail to comply with Rule 28 when doing so does not prejudice the appellee. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (reaching the merits of a noncompliant pro se brief when "well-settled law" applied, there were no "disputed facts," and the appellee fully briefed the issue.). As demonstrated by U.S. Bank's brief, Bailey's failure to reasonably comply with Rule 28 left U.S. Bank to speculate and deduce both

---

[2] Blue Br. 2–7.

No. 15-20146

the factual basis of her challenge and her specific arguments on appeal.[3] Consequently, Bailey's failure to comply with Rule 28 prejudiced U.S. Bank. *See Toala v. Marriott White Lodging Corp.*, 456 F. App'x 476, 477 (5th Cir. 2012) (per curiam) (dismissing a pro se litigant's appeal because his failure to comply with Rule 28 and "articulate the basis of his challenge prejudiced [defendant-appellee]").

For the foregoing reasons, we DISMISS Bailey's appeal for want of prosecution.

---

[3] Red Br. 7, 9–10.