# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2016

Lyle W. Cayce
Clerk

ROSE ANN JUAREZ,

       Plaintiff - Appellant

v.

HIGHLAND HOMES, LIMITED; REUNION TITLE; BANK OF AMERICA
NATIONAL ASSOCIATION, formerly known as CWB Mortgage Ventures,
L.L.C., doing business as Highland Loansource; MERS; PROVENCE AT
FIREWHEEL HOMEOWNERS ASSOCIATION, INCORPORATED, et al;
SFTF HOLDINGS, L.L.C., et al,

       Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2173

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Rose Ann Juarez appeals the district court's dismissal
of her action seeking, *inter alia*, to enjoin the foreclosure of her property after
she defaulted on her mortgage payments. The district court dismissed all of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-10326

Juarez's claims pursuant to Fed. R. Civ. P. 12(b)(6) upon concluding that they were barred by *res judicata* in light of her previous lawsuit that involved substantially the same parties and the same transaction. In addition, the district court concluded that Juarez's complaint had failed to allege sufficient facts stating a plausible claim against Reunion given that Reunion "was not a party to the mortgage, did not receive title to the Property, was not a payee, or the seller or lender of the Property, or a beneficiary to the deed of trust."

In her brief on appeal, Juarez identifies no error in the district court's reasoning that her claims were barred by *res judicata* or that her complaint failed to state a claim against Reunion. Although we must liberally construe the briefs of *pro se* litigants, "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Given her failure to adequately identify any error in the district court's decision, Juarez's brief does not comply with the Federal Rules of Appellate Procedure. *See Toala v. Marriott White Lodging Corporate*, 456 F. App'x 476, 477 (5th Cir. 2012). Therefore, we DISMISS the appeal for want of prosecution. *See id.*

2