# United States Court of Appeals
# for the Fifth Circuit

No. 22-40150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 31, 2022

Lyle W. Cayce
Clerk

John T. Patrick,

*Plaintiff—Appellant*,

*versus*

Jennifer Herbst; Ray A. Guevara; Francisco Olvera, Jr.;
Warden Evelyn Castro; Philip Sifuentes; Andrew H.
Nino; Michelle D. Esparza,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-65

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

John T. Patrick, proceeding pro se and in forma pauperis, appeals the dismissal of his prisoner civil rights action alleging retaliation and violations of his rights to due process and equal protection, and seeking injunctive relief

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40150

under 42 U.S.C. § 1983. Following a *Spears*[1] hearing, the district court narrowed Patrick's claims to only some of those for retaliation and equal protection violations while also maintaining Patrick's request for injunctive relief. The district court later granted summary judgment for the Defendants-Appellees after holding that Patrick's remaining retaliation and equal protection claims were barred because Defendants-Appellees were entitled to qualified immunity and that his request for injunctive relief was moot.

"We review a grant of summary judgment *de novo* under the same standard applied by the district court." *City of Shoreacres v. Waterworth*, 420 F.3d 440, 445 (5th Cir. 2005). On appeal, Patrick fails to adequately address the district court's reasons for dismissing his claims. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that pro se appellant abandoned arguments "by failing to argue them in the body of his brief"); FED. R. APP. P. 28(a)(8)(A) ("The appellant's brief must contain . . . the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). Patrick does not identify any error in the court's application of the law. Instead, Patrick employs the relevant legal standards to make conclusory assertions that he overcame his burden on summary judgment. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (citation omitted). Because Patrick has abandoned his arguments due to the inadequacy of his briefing, *see Yohey*, 985 F.2d at 224–25, we AFFIRM the judgment of the district court.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Patrick also challenges the procedure by which Defendants-Appellees filed their motion for summary judgment. On December 2, 2020, Defendants-Appellees filed a

motion for summary judgment. On April 28, 2021, the district court denied the motion, holding that it "fail[ed] to adequately present the legal and factual issues to [the court]," and gave the parties until May 28, 2021 to "file a dispositive motion." On May 28, 2021, Defendants-Appellees filed the motion that is now on appeal. Patrick has not identified any procedural deficiencies in this motion. Without any citations or explanation, Patrick also argues that the present motion recycles the arguments that the district court ruled were inadequate in the earlier motion that was dismissed. As with the rest of his appeal, Patrick has failed to sufficiently raise this argument.