# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2023

Lyle W. Cayce
Clerk

No. 22-20398

Kenneth Taylor,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Kim Massey; Marcia Jackson; Kenneth Putnum; Texas Department of Criminal Justice,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2161

_____

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Kenneth Taylor, a Texas prisoner, appeals the district court's summary judgment dismissal of his Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and constitutional claims. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20398

I.

Taylor is an inmate in the Texas Department of Criminal Justice system who is classified as a "heat sensitive offender," meaning that he is especially susceptible to extreme temperatures. Because air-conditioned housing addresses Taylor's particular risk of injury during heat spells, Taylor complained when the TDCJ housed him in an unconditioned facility. Consequently, Taylor filed this federal complaint seeking (1) monetary damages under the ADA, the RA, and the Eighth and Fourteenth Amendments; and (2) reassignment to an air-conditioned cell to address his condition. In response, prison officials moved Taylor to an air-conditioned facility elsewhere. Taylor, dissatisfied with these new accommodations for other reasons, requested another transfer. Defendants then returned Taylor to his original unairconditioned facility but agreed to provide air conditioning in the facility to him during the summer months. The record demonstrates that prison officials have kept that commitment.

Nevertheless, his complaint proceeded through the court system. On summary judgment, the district court dismissed Taylor's case. Now on appeal, Taylor argues that the district court erred (1) in dismissing his ADA and RA claims, (2) finding that Taylor had abandoned his constitutional claims, and (3) finding that Taylor's request for air-conditioned housing as moot.

II.

The district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This court reviews the grant of summary judgment de novo and applies the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (quotation omitted).

No. 22-20398

## III.

Taylor contends that the district court erred in finding his claim for injunctive relief for a transfer to an air-conditioned dorm to be moot after he was in fact transferred to air-conditioned accommodations for the summer months. Appellant's Br. 39-42. This court reviews legal questions relating to mootness de novo. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013). A claim for injunctive relief becomes moot when the petitioner receives the relief he requested. *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011). According to the record, Taylor will be housed in an air-conditioned cell during the summer months each year. ROA.334-35, 342. This solution will provide Taylor with air-conditioned living quarters during the summer heat, when he is vulnerable to the extreme temperatures that trigger his heat sensitivity, which forms the basis for the requested injunctive relief. Consequently, Taylor's request for injunctive relief is moot and the district court dismissal of that claim is AFFIRMED.

## IV.

Taylor further argues that the district court erred in dismissing his Eighth Amendment and Fourteenth Amendment claims. Appellant's Br. 29-33. The district court held that Taylor dropped these claims by failing to brief them at the summary judgment stage. ROA.418-19. In Taylor's response to the defendants' motion for summary judgment, he acknowledged that "[t]he claims the plaintiff brings are ADA and RA claims . . .. The whole basis of this suit was and is Intentional Discrimination of a Disabled Person under ADA, ADAAA and RA." ROA.388-89.

Issues raised in the complaint but ignored by the plaintiff in summary judgment proceedings to dismiss the complaint are waived and will not be considered on appeal. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (citations omitted). Although we liberally construe the filings of pro se

litigants, such unrepresented parties must still brief issues to preserve them. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). *See also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993) ("'[A]rguments must be briefed to be preserved.'" (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir.1988)). Because Taylor has failed to brief his constitutional claims at the summary judgment level, the district court dismissal is AFFIRMED.

V.

We turn to Taylor's primary argument on appeal: the district court erred by dismissing his ADA and RA claims for damages. Appellant's Br. 20-29. The relevant statute, 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...." 42 U.S.C. § 1997e(e). We have characterized § 1997e(e) as preventing "prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008) (citing *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005)). We have repeatedly applied this principle to ADA and RA claims. *See, e.g.*, *Flowers v. Sutterfield*, No. 20-10988, 2022 WL 2821953, at *2 (5th Cir. July 20, 2022), *cert. denied*, 143 S. Ct. 1057 (2023); *Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021); *Flaming v. Alvin Cmty. Coll.*, 777 F. App'x 771, 772 (5th Cir. 2019).

Here, Taylor's claim for damages does not assert a physical injury. Instead, he alleged only that his placement in unairconditioned housing could subject him to extreme heat, which could aggravate his medical conditions and could result in physical harm, and that such risk had caused him pain and suffering, which in turn entitled him to damages. Appellant's Br. 9, 36-39. Because he claims only concern about the risk of possible harm, and not any

No. 22-20398

actual resulting physical injury, his claim for damages fails to overcome the hurdle of § 1997e(e). Thus, Taylor's ADA and RA claims fail, and the dismissal of these claims is AFFIRMED.

## VI.

In sum, Taylor's claim for injunctive relief is moot, as he was transferred to air-conditioned housing; Taylor abandoned his constitutional claims by failing to brief them on summary judgment; and Taylor's claims under the ADA and RA were properly dismissed because he has failed to allege a physical injury. Accordingly, the district court's dismissal of Taylor's complaint is

AFFIRMED.